**STATE**

v.

**Baldur THORSTEINSSON.**

No. 92–503–C.A.

Supreme Court of Rhode Island.

May 19, 1993.

## ORDER

This case came before the court on May 10, 1993, pursuant to an order directed to both the defendant, Baldur Thorsteinsson, and the state to appear and show cause why the defendant's appeal should not be summarily dismissed. For the reasons set forth below, we find that cause has not been shown and the defendant's appeal is denied and dismissed.

The defendant was tried before and convicted by a Superior Court jury for the first-degree sexual assault of a twenty-year old college student. The victim was living with seven friends in Newport, Rhode Island, during the summer of 1990; defendant was not a member of this household, but he had been invited to sleep there that evening by one of the victim's male roommates. The victim testified that she was awakened during the early morning hours of June 24, 1990, to find defendant lying on top of her, pushing her legs around, and penetrating her vagina with his penis. The conflicting testimony of defendant, however, reveals that he had wandered into the victim's bedroom, asked if he could sleep there, and, after receiving a favorable reply, undressed and laid beside her. He stated that after several minutes of stroking one another they engaged in sexual intercourse for approximately twenty to thirty minutes, at which time she left the room purportedly to go to the bathroom.

The defendant was convicted of first-degree sexual assault in violation of G.L. 1956 (1981 Reenactment) § 11–37–2(A), as amended by P.L.1987, ch. 238, § 1. That statute reads in pertinent part:

"A person is guilty of first degree sexual assault if he or she engages in sexual

penetration with another person, and if * * * :

"(A) The accused, not being the spouse, knows or has reason to know that the victim is mentally incapacitated, mentally disabled, or physically helpless."

Because the victim alleged she was asleep at the time of the assault, the state argued that she was physically helpless.

The defendant contends that the trial justice erred in refusing to instruct the jury to consider whether the victim resisted the defendant's actions to an extent that was reasonable under the circumstances. In support thereof, the defendant suggests that the victim's resistance is evidence of her lack of consent and, more importantly, evidence of her capacity to manifest her unwillingness under these circumstances. While this may be true, we do not believe that evidence of the victim's resistance is required under § 11–37–2(A) as it is under § 11–37–2(B) whereby the defendant uses force or coercion. *See State v. Jacques*, 536 A.2d 535, 537 (R.I.1988). Because the victim's state of mind is irrelevant in this case of physical helplessness, we find that the trial justice properly omitted any instruction on the victim's resistance to the defendant's actions.

Accordingly the defendant's appeal is denied and dismissed. The judgment of conviction appealed from is affirmed, and the papers in this case may be remanded to the Superior Court.